**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICKY JONES, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>WHOLE FOODS MARKET GROUP, INC.,  )<br>)<br>Defendant.  )<br>) | Case No. 1:22-cv-01389 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1141, and 1446, Defendant Whole Foods Market Group, Inc. ("Defendant"), hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

**I.    Plaintiff's Complaint**

1.   On January 25, 2022, Plaintiff Ricky Jones filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, captioned *Ricky Jones v. Whole Foods Market Group, Inc.*, No. 2022-CH-00606 (the "State Court Action").

2.   On February 14, 2022, Defendant was served with a copy if the Complaint and Summons in the State Court Action.

3.   This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date the Defendant was served with the initial pleading.

4.   Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1.**

4858-5122-5106.2

5. Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") through the use of Defendant's voice collection software, Vocollect, on its employees at an Illinois distribution center. (Ex. 1 ("Compl."), ¶¶ 57-68). Specifically, Plaintiff alleges that Defendant violated: (1)" 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it was collected, used, and stored their biometric identifiers and biometric information," (2) "740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers were being collected and stored," (3) 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers was [sic] being collected, stored and used," and (4) "740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying its workers' biometric identifiers and biometric information," and (5) 740 ILCS 14/15(a) "by failing to comply with such a policy." (Compl. ¶¶ 63-66). Plaintiff alleges that these alleged violations were done "intentionally, recklessly or negligently." (Compl. ¶¶ 40-41).

6. Plaintiff seeks to represent a putative class of "[a]ll persons, within the applicable statute of limitations, who had their voiceprint collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois, without their consent, and/or who failed to have their voiceprint timely deleted." (Compl. ¶ 50).

7. Plaintiff seeks "declaratory relief," "injunctive and equitable relief," "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1)" and "reasonable attorneys' fees and costs and other litigation expenses." (Compl., Prayer for Relief).

8. The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiff brings in this case. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc*., 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

## II. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

9. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interests and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

10. Plaintiff estimates that there are "over 100 workers who fall into the definition of the Class." (Compl. ¶ 52).

11. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

12. According to the allegations in the Complaint, Plaintiff is a resident of Illinois. (Compl. ¶ 23).

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiff alleges that Defendant failed to comply with any public retention schedule for permanently deleting Plaintiff's information. Compl. ¶ 66.

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

13. Defendant is a Delaware corporation with its principal place of business in Austin, Texas.

14. Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and Texas, at least one member of the class of Plaintiffs is a citizen of a State different from the Defendant as required by 28 U.S.C. § 1332(d)(2)(A).

15. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)-(4).

16. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

17. BIPA provides for statutory damages of up to $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2).

18. Plaintiff alleges that Defendant committed at least five BIPA violations with respect to Plaintiff and each other member of the putative class.[3] (Compl. ¶¶ 63-66). Plaintiff further alleges that Defendant committed each of these violations "intentionally, recklessly" and seeks statutory damages of $5,000 for each such intentional or reckless violation. (Compl. ¶¶ 40-41); (Compl., Prayer for Relief).

19. During the five-year period preceding the filing of the State Court Action, more than 250 people used a voice technology product while working for Defendant in Illinois. Multiplying

---

[3] Plaintiff alleges that during training he was "required to provide Defendant with personal speech patterns by reading a series of voice template words repeatedly" (Compl., ¶ 5) and during shifts, was sent "orders from a central work management computer through a headset and executes those orders by interacting and having a dialogue with the voice recognition software which responds based upon the worker's voiceprint or template." (Compl., ¶ 11.)

$5,000 by 5 alleged violations and then by 250 equals $6,250,000. As such, the amount in controversy exceeds the threshold requirement, giving the district courts of the United States jurisdiction over this matter. 28 U.S.C. § 1332(d)(2)

20. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

**III.    Venue**

21. Venue is proper in the Eastern Division of the Northern District of Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

22. Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

**IV.    Reservation of Rights and Defenses**

23. Defendant hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendant's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")

WHEREFORE, Defendant Whole Foods Market Group, Inc. hereby removes this civil action to this Court on the bases identified above.

| | |
|---|---|
| Dated: March 16, 2022 | WHOLE FOODS MARKET GROUP, INC. |
| | By: /s/ *Amy L. Lenz* |

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
Amy L. Lenz (alenz@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via email on March 16, 2022:

David Fish
Mara Baltabols
Fish Potter Bolanos, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
mara@fishlawfirm.com

/s/ *Amy L. Lenz*